ROSA, DEMANDANTE, APELANTE Y APELADO, *v.* HERNÁNDEZ,
DEMANDADO, APELADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en
pleito sobre cumplimiento de contrato.

No. 2877.—Resuelto en mayo 7, 1923.

HIPOTECA EN FORMA DE PRÉSTAMO—COMPRAVENTA—PRESUNCIÓN DISPUTABLE.—
No existe principio legal que obligue a una corte de justicia a atenerse es-
trictamente al texto de ningún documento por absoluto que sea de acuerdo
con su faz cuando todas las partes interesadas están conformes en que sim-
plemente sea una forma conveniente de hipoteca, o a lo sumo una venta con
pacto de retracto otorgado con ningún otro fin que no fuera el de asegurar
el pago del dinero prestado.

ID.—ID.—PRUEBA DE SIMULACIÓN DE CONTRATO—SENTENCIA ANULANDO ESCRI-
TURA SIMULADA.—Analizando la evidencia en la opinión de este caso, *se
resolvió:* que existe prueba suficiente de que no era de venta real sino en
garantía de un préstamo, la escritura de traspaso de su finca que hiciera el
demandado al demandante; y existiendo también prueba de que la totali-
dad del préstamo fué pagada, el demandante fué condenado a retrovender
la finca al demandado.

Los hechos están expresados en la opinión.

Abogado del apelante apelado: *Sr. L. Mercader.*

Abogado del apelado apelante: *Sr. A. Brusi.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Lucas Rosa en una acción en cierto modo ambiguamente
titulada "cumplimiento de contrato" alegó en substancia
que en el año 1905 Manuel Hernández y su esposa apare-
cían vendiendo al demandante por el precio de $500 treinta
cuerdas del terreno descrito en la demanda; que aunque en
la escritura se hizo constar una compraventa absoluta el de-
mandado ciertamente se quedó con la finca con la condición
de que si en el término de 10 años devolvía al demandante
la referida suma y sus intereses al 12% anual, el deman-
dante le otorgaría escritura de venta; que el demandado
continuó en la posesión y disfrute de la finca y luego acudió
al demandante para que le ayudara con dinero para lim-
piar e impulsar dichas tierras, abriendo entonces el deman-
dante una cuenta corriente y suministrándole dinero con in-

terés del 12 por ciento anual, abonando el demandado du·
rante los años subsiguientes varias partidas de café; que
el demandante, después de notificar al demandado y con su
conformidad, liquidó en 22 de enero de 1922 la cuenta
corriente de la que aparecía un saldo a favor del deman-
dante por la suma de $934.66, la cual el demandado no ha-
bía pagado en todo ni en parte, a pesar de haber sido re·
querido para ello y sin dar alguna excusa legal.

En la súplica se pedía que se dictara sentencia contra el
demandado condenándole al pago de $934.66, intereses y
costas, o en caso de no satisfacer dicha cantidad que se de-
clarara por la corte que no habiéndose cumplido la condi-
ción del primitivo convenio de la finca el demandado carecía
de derecho sobre ella condenándole al pago "de la diferen-
cia de $434.66," intereses y costas.

El demandado en su contestación negó el haberse fijado
un plazo de 10 años, la liquidación de la cuenta, la falta de
pago, así como los préstamos agrícolas, y admitió la entrega
del café, "a cuenta de los $500 y sus intereses, única deuda
con dicho demandante contraída." Sigue luego una contra
demanda en la que se alega lo siguiente:

"Que el demandante contrajo de manera formal con el contra-
demandante, la obligación de pasarle la escritura de venta a que se
refiere en el hecho 2 de la demanda, una vez le fuese pagada la
suma de $500 y sus intereses.

"Que no obstante de haber pagado el contrademandante al con-
trademandado Sr. Rosa los $500 y sus intereses al tipo fijado del
uno por ciento mensual, única ascendencia debitoria con él con-
traída, y a pesar de haberle requerido varias veces al otorgamiento
escrituario que le debe, siempre se ha negado, sin duda con la es-
peranza dado su interés de adquirir la finca de 30 cuerdas por un
bajo precio.

"Por lo que de la corte solicito, declare sin lugar la demanda
y con lugar la contrademanda, ordenando al demandante Sr. Rosa
en la sentencia que se dicte, traspase al contrademandante la es-
critura de dicha finca, por carecer dicho contrademandado de de-

récho alguno sobre la misma, y venir obligado a ello, todo con con-
dena de costas.''

Tanto el demandante como el demandado establecen ape-
lación contra una sentencia que declara sin lugar la contra-
demanda, así como la demanda original, por las siguientes
razones:

''La corte oída la prueba documental y testifical practicada y
la deposición asimismo producida en el acto del juicio, considera
que no se ha probado por la parte demandante la falta de cumpli-
miento por el demandado en el contrato de compraventa celebrado
el 9 de noviembre de 1905, y por virtud del cual el demandado
Manuel Hernández Pérez otorgó en escritura pública inscrita en
el Registro de la Propiedad, venta de una finca que se describe en
la demanda y que no ha sido identificada en la prueba practicada,
toda vez que en razón al título inscrito de la venta de la finca de
que se trata, aparece la posesión real de la misma a favor del de-
mandante y por tanto cumplida la obligación principal del vende-
dor de entrega de la cosa vendida; no alegándose en la demanda
determinadamente en que haya consistido el incumplimiento del
vendedor demandado, por lo que declara sin lugar la demanda;
y se declara asimismo sin lugar la contrademanda, toda vez que en
la misma se aduce una acción que, bajo ningún concepto legal puede
considerarse relacionada ni derivada ni en punto alguno referente
al contrato de compraventa otorgada en 9 de noviembre de 1905
y sobre el cual se establece en la demanda. Todo sin especial con-
denación de costas.''

No existe ninguna controversia planteada en las alega-
ciones ni conflicto en la prueba en cuanto a la verdadera na-
turaleza de la llamada ''Venta'' hecha en el año 1905. La
teoría del juez sentenciador como indica no solamente la re-
solución transcrita, sino también el examen de los testigos,
parece ser que ambas, las partes y la corte, están obligadas
por los términos literales del documento notarial, no obs-
tante las alegaciones, la estipulación en cuanto a los hechos
convenidos y toda la prueba que de modo concluyente indica
una simple transacción de dinero prestado por virtud del
otorgamiento de una escritura que en su forma es absoluta,

pero que nunca fué la intención o la idea de ninguna de las partes en la misma que no fuera otra cosa que una mera garantía para el pago de la deuda. Pero no conocemos ningún principio legal que obligue a una corte de justicia a atenerse estrictamente al texto de ningún documento por absoluto que sea de acuerdo con su faz cuando todas las partes interesadas están conformes en que simplemente sea una forma conveniente de hipoteca, o a lo sumo con pacto de retracto otorgado con ningún otro fin que no fuera el de asegurar el pago del dinero prestado.

No existe absolutamente nada en la prueba que sugiera el hecho de que la escritura fuera otorgada en garantía de alguna obligación que no sea la promesa de pago de la suma de $500 con intereses sobre ella, o de que algún gravamen se constituyó sobre la finca en cuestión para garantizar alguna otra obligación.

No hay nada que indique de modo concluyente que exista ninguna otra obligación. Ciertamente que no hay ninguna base satisfactoria o concreta en la que pueda descansar una sentencia por una suma cualquiera en favor del demandante.

Enrique Rosa, hijo del demandante, declaró en forma vaga y general que algunos meses después de la primitiva negociación Hernández vino a casa de su padre y dijo que necesitaba dinero y su padre le dió más dinero en varias ocasiones y en distintas sumas; que el documento presentado al testigo era un extracto de cuenta corriente sacada por el testigo y su padre de las libretas y libros y firmados por su padre; que la cuenta, incluyendo los $500 en intereses y las demás sumas adelantadas ascendían a $936 y algunos centavos; que en el año 1920 cuando la suma ascendía a un poco más de $700 el testigo llamó al demandado, le explicó toda la situación y exigió el pago; que Hernández dijo que iba a tratar de vender la finca y pidió que le enviara un estado de la cuenta; que le dejara la cuenta a Ramón Mora,

comerciante de Hatillo; y que la misma se entregó a Mora para que se la diera a Hernández.

La cuenta presentada a este testigo no fué admitida como prueba y la resolución de la corte inferior en este sentido no ha sido alegada como error ni comentada en el alegato del demandante. La actuación de la corte al excluir el documento puede, por tanto, para los fines de esta opinión, presumirse que fué correcta.

El demandante declaró que algunos días después de haberse otorgado la escritura Hernández acudió a él para que le diera más dinero y el demandante convino en suministrarle ciertas sumas de dinero de tiempo en tiempo y así lo efectuó; que el saldo que debe Hernández es la cantidad que aparece de la cuenta que se le suministró en el último año de elecciones y no ha sido satisfecha; que se hicieron algunos pagos en dinero y otros en café; que el testigo no puede decir la cantidad más o menos debido a que su hijo Enrique estaba atendiendo a eso; que el testigo no recuerda si se le dió o no en ciertas ocasiones recibos por los pagos así hechos; que el testigo no recuerda qué cantidad se pagó en efectivo; que Enrique puede decir la cantidad; que el testigo no recuerda el precio del café en el año 1906 ni en los años subsiguientes.

El demandado fué a la silla de testigos y manifestó que nunca había recibido del demandante un centavo en concepto de refacción, ni por contribuciones ni ningún otro fin; que desde 1906 a 1916 el demandado hizo entregas anuales de café y pagó $400 en efectivo y en muchas ocasiones no se dió ningún recibo; el demandado presentó como prueba recibos creditivos de los siguientes abonos: en el año 1906, 85 almudes, 13 litros de café en cáscara para ser abonados cuando efectuemos su arreglo; en el año 1907, 48 almudes, 11 litros de café para abonarse cuando efectuemos su justo valor; en 1908, 18 almudes, 2 litros de café en cáscara para ser abonados en la forma en que acaba de expresarse, 12 al-

mudes 2 litros para ser abonados al hacerse el arreglo como se ha indicado, dos fanegas, 5 almudes 11 litros de café; en 1909, 122 almudes de café en cáscara para ser abonados al hacerse el arreglo; en 1910, 18 almudes 6 litros de café en cáscara para ser abonados al efectuarse el arreglo; en 1911, $100; en 1912, $100; en 1914, 484 libras de café en cáscara para ser abonados al hacerse el arreglo, y en 1916, $50.00

Aún cuando la reclamación relativa a la obligación adicional por refacciones hubiera quedado establecida más claramente, sin embargo, no habiendo nada que indique en qué forma había aplicado el demandante estas sumas de dinero, el demandado tendría derecho a insistir en que fueran abonadas a la obligación original. Y si estas sumas no fueren suficientes para acreditar *prima facie* el haber quedado extinguida la primitiva obligación, entonces, atendidas todas las circunstancias, nos inclinamos a dar al demandado el beneficio de cualquier duda respecto a la veracidad de su manifestación que no ha sido contradicha en cuanto al pago de otras sumas de dinero por las cuales no se le dió ningún recibo.

Debe revocarse la sentencia apelada en cuanto por ella se declara sin lugar la contrademanda, y en su lugar dictarse sentencia por esta corte ordenando al demandante que otorgue escritura de retro venta a favor del demandado de la finca en cuestión dentro del término de diez días; disponiéndose además, que en caso de incumplimiento por parte del demandante, el márshal de la corte de distrito procederá al otorgamiento de dicha escritura y cancelación del asiento en el registro de la propiedad; y confirmada además dicha sentencia en cuanto declara sin lugar la demanda, y en sus demás particulares.

*Confirmada en parte y en parte revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.